**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 10 CR 1080** |
| **v.** | ) | |
| | ) | **Honorable William J. Hibbler** |
| **HOWARD MUI** | ) | |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant HOWARD MUI, by the Federal Defender Program and its attorney, ROSE LINDSAY-GUIMARÃES, respectfully requests that this Honorable Court enter an order for the early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). In support of this request, Mr. Mui states as follows:

1.  On May 12, 2008, Mr. Mui pled guilty in the Eastern District of Kentucky to one count of conspiracy to transport, possess, and purchase counterfeit cigarettes, in violation of 18 U.S.C. § 371; and three counts of purchasing and possessing counterfeited stamps, in violation of 18 U.S.C. § 2315. On September 15, 2008, Mr. Mui was sentenced to 30 months' imprisonment by the Honorable Joseph M. Hood. Judge Hood imposed a three-year term of supervised release with standard conditions, in addition to the following special conditions: (1) provide the probation officer with access to any financial information, (2) refrain from incurring new credit charges or open lines of credit without probation's approval unless in compliance with the established payment schedule, (3) participate in drug

aftercare, (4) abstain from the use of alcohol, (5) submit to searches by probation, and (6) refrain from interfering with any substance abuse testing. Mr. Mui was also ordered to pay $1,716,165.60 in restitution and a $400 special assessment.

2. Mr. Mui began his supervised release on March 5, 2010. His supervised release is scheduled to end on March 4, 2013.

3. Jurisdiction of Mr. Mui's case was transferred to the Northern District of Illinois on December 27, 2010.

4. To date, Mr. Mui has successfully completed more than 23 months of his 36-month term of supervised release. Mr. Mui obtained employment almost immediately upon his release from the Bureau of Prisons to the Salvation Army, and has remained employed until now. Mr. Mui previously owned and operated a gift shop in Chicago's Chinatown, and the new owner of the store hired Mr. Mui. Since Mr. Mui's release, he has been acting as the full-time manager of the store he used to own.

5. Mr. Mui paid 25 percent of his income toward his restitution obligation while at the Salvation Army. Since his release from the Salvation Army, Mr. Mui has paid ten percent of his monthly income toward restitution. He has made payments consistently since his release. Counsel for Mr. Mui contacted the clerk's office for the Northern District of Illinois and was advised that to date, Mr. Mui has paid $2,585.00 toward his restitution. The clerk's office also advised that Mr. Mui paid

the $400 special assessment in the Eastern District of Kentucky, before jurisdiction of his case was transferred to this district.

6.    In addition to maintaining regular employment and paying monthly toward his restitution, Mr. Mui has complied fully with all other conditions of his supervised release.  Mr. Mui has had no new arrests.  He has no problem with drugs or alcohol, and has not tested positive for the use of any illicit substances.  He has spent his time working and caring for his two children (8 and 10 years old) during the evenings and weekends when he has custody of them.

7.    Accordingly, Mr. Mui now seeks early termination of his supervised release.  This Court may terminate a term of supervised release if, after consideration of the applicable factors under 18 U.S.C. § 3553(a), termination is warranted by the conduct of the defendant and the interest of justice.  18 U.S.C. § 3583(e)(1).  Mr. Mui is an excellent candidate for early termination.  He has proven with his conduct over the last 23 months that he can live a responsible, law-abiding life without the supervision of the Court.

8.    Counsel for Mr. Mui spoke with United States Probation Officer Margarita Jimenez Flores regarding this motion.  Ms. Jimenez Flores indicated that while Mr. Mui has been fully compliant with the terms of his supervised release, the probation office will not agree to the motion because, in spite of Mr. Mui's efforts, more than $1.7 million of his restitution order remains to be paid.

3

9.    Mr. Mui acknowledges that he still owes a very considerable amount toward restitution.  However, two considerations suggest that early termination would not be inappropriate in spite of the restitution balance.  First, Mr. Mui understands that he will continue to be obligated to make monthly payments toward his restitution even long after his supervised release ends.  He is committed to working with the Financial Litigation Unit of the U.S. Attorney's Office on an ongoing basis to make sure that he pays as much as he can each month.

10.   Second, early termination will give Mr. Mui an opportunity to increase his salary.  Mr. Mui's employer has stated that if Mr. Mui can accompany him on quarterly business trips to California and New York, he will increase Mr. Mui's salary by $500 per month.  In addition, Mr. Mui's boss would like Mr. Mui to accompany him on yearly business trips to Hong Kong.  Early termination would allow Mr. Mui travel freely for business, increase his salary, and thus increase his monthly payments toward his restitution obligation.

WHEREFORE, Mr. Mui respectfully requests that this Honorable Court grant this motion for early termination of his supervised release and permit the Financial Litigation Unit to monitor his future restitution payments.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Carol A. Brook
Executive Director

By:    s/ Rose Lindsay-Guimarães
        Rose Lindsay-Guimarães
        FEDERAL DEFENDER PROGRAM
        55 E. Monroe St., Suite 2800
        Chicago, Illinois 60603
        (312) 621-8341

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned, Rose Lindsay-Guimarães, an attorney with the Federal Defender Program, hereby certifies that the following document:

### MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

was served on February 14, 2012, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

       By: <u>s/ Rose Lindsay-Guimarães</u>
         Rose Lindsay-Guimarães
         FEDERAL DEFENDER PROGRAM
         55 E. Monroe St., Ste. 2800
         Chicago, IL 60603
         (312) 621-8341